■ VINCENT J. HAGAN et al., Respondents, v GLORIA THOMPSON et al., Appellants. [651 NYS2d 122] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated January 11, 1995, which granted the plaintiffs' motion for partial summary judgment on the issue of liability and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for partial summary judgment on the issue of liability is denied, the defendants' cross motion for summary judgment dismissing the complaint is granted, and the complaint is dismissed.

The defendants met their initial burden of establishing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The burden thus shifted to the plaintiffs to come forward with sufficient evidence to demonstrate a serious injury (see, Gaddy v Eyler, 79 NY2d 955, 956-957; Blusiewicz v Comeau, 212 AD2d 657). The plaintiffs relied on an unsworn medical statement by the treating physician, which cannot be considered in opposition to a summary judgment motion (see, Pagano v Kingsbury, 182 AD2d 268). The only other evidence submitted by the plaintiffs was the injured plaintiff's own affidavit, which contained mere conclusory allegations of serious injury and was not supported by any objective medical evidence. Accordingly, the defendants were entitled to summary judgment dismissing the complaint (see, Licari v Elliott, 57 NY2d 230). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.