■ WILMER LAGUERRE, Respondent, v MIGUEL A. CHAVARRIA et al., Appellants. [837 NYS2d 716]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated November 16, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The report of the plaintiff's treating chiropractor was not in affidavit form, and therefore was without probative value (*see Kunz v Gleeson*, 9 AD3d 480 [2004]; *Santoro v Daniel*, 276 AD2d 478 [2000]; *Doumanis v Conzo*, 265 AD2d 296 [1999]; *Rum v Pam Transp.*, 250 AD2d 751 [1998]). The remaining medical submissions of the plaintiff were without probative value in opposing the motion since they were neither sworn nor affirmed nor certified (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Felix v New York City Tr. Auth.*, 32 AD3d 527, 528 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]; *see also* CPLR 4518 [c]). The self-serving affidavit of the plaintiff was insufficient to show that he sustained a serious injury caused by the accident since there was no objective medical evidence to support it (*see Davis v New York City Tr. Auth.*, 294 AD2d 531 [2002]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

Finally, the plaintiff failed to proffer competent medical evidence that the injuries he allegedly sustained in the accident rendered him unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.