■ Tania Morales, Appellant, v Wanda Daves, Respondent.
[841 NYS2d 793]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 3, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys. 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; see also Kearse v New York City Tr. Auth., 16 AD3d 45 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's treating chiropractor, while noting recent range of motion limitations in the cervical and lumbar regions of her spine, failed to proffer any evidence establishing that the plaintiff sustained any range of motion limitations in those regions of her spine roughly contemporaneous with the subject accident (see Borgella v D & L Taxi Corp., 38 AD3d 701, 702 [2007]; Iusmen v Konopka, 38 AD3d 608, 609 [2007]; Earl v Chapple, 37 AD3d 520, 521 [2007]; Zinger v Zylberberg, 35 AD3d 851, 852 [2006]; Felix v New York City Tr. Auth., 32 AD3d 527, 528 [2006]). The plaintiff's submission of magnetic resonance imaging reports showing disc bulges and/or herniations did not establish a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (see Mejia v DeRose, 35 AD3d 407, 407-408 [2006]; Yakubov v CG Trans Corp., 30 AD3d 509, 510 [2006]; Cerisier v Thibiu, 29 AD3d 507, 508 [2006]; Bravo v Rehman, 28 AD3d 694, 695 [2006]; Kearse v New York City Tr. Auth., 16 AD3d 45 [2005]; Diaz v Turner, 306 AD2d 241, 242 [2003]).

The plaintiff also failed to submit any competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (see Nociforo v Penna, 42 AD3d 514 [2007]; Felix v New York City Tr. Auth., 32 AD3d at 528; Sainte-Aime v Ho, 274 AD2d 569, 570 [2000]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.