■ CARMINE D'ONOFRIO, Respondent, v FLOTON, INC., et al., Appellants. [845 NYS2d 421]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated March 14, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

Contrary to the Supreme Court's determination, the defendants met their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's treating neurologist showed range of motion limitations in the plaintiff's spine based on a recent examination. However, neither the plaintiff nor his treating neurologist proffered competent medical evidence that showed range of motion limitations in the plaintiff's spine that were contemporaneous with the subject accident (*see Morales v Daves*, 43 AD3d 1118 [2007]; *Borgella v D & L Taxi Corp.*, 38 AD3d 701, 702 [2007]; *Iusmen v Konopka*, 38 AD3d 608, 609 [2007]; *Earl v Chapple*, 37 AD3d 520, 521 [2007]).

The only other evidence submitted by the plaintiff in opposition to the defendants' motion was the affirmed magnetic resonance imaging report of the plaintiff's lumbar spine which showed bulging discs at L3-4 and L4-5. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged

physical limitations resulting from the disc injury and its duration (*see Morales v Daves*, 43 AD3d 1118 [2007]; *Mejia v DeRose*, 35 AD3d 407, 407-408 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.