■ CHARMAIN MORRIS, Respondent, v REYNALDO EDMOND, Defendant, and TEHAL SINGH, Appellant. [850 NYS2d 641]—

In an action to recover damages for personal injuries, the defendant Tehal Singh appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated May 23, 2007, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him is granted and, upon searching the record, summary judgment is awarded to the defendant Reynaldo Edmond dismissing the complaint insofar as asserted against him.

Contrary to the Supreme Court's determination, the appellant made a prima facie showing through the respondent's deposition testimony and the affirmed medical reports of the appellant's examining neurologist and orthopedic surgeon that the respondent did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 51-52 [2005]). At her deposition, the respondent stated that, at most, she missed a week or two of college as a result of the subject accident. The appellant's examining orthopedic surgeon concluded, based upon objective range of motion tests, that the respondent had full range of motion in her cervical

spine, lumbar spine, and left knee. The appellant's examining neurologist also concluded, based upon objective range of motion tests, that the respondent had full range of motion in her cervical spine, and found an insignificant limitation in lumbar flexion only.

In opposition, the respondent failed to raise a triable issue of fact. Nunzio Saulle, one of the respondent's treating physicians, examined her for the first time on April 5, 2006, two years and five months after the accident, and on two subsequent dates, the latest on February 15, 2007. While Saulle found significant limitations in the respondent's range of motion, such findings were not contemporaneous with the subject accident (*see D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]; *Morales v Daves*, 43 AD3d 1118 [2007]; *Rodriguez v Cesar*, 40 AD3d 731 [2007]). Similarly, Sebastian Lattuga, another of the respondent's treating physicians, did not examine her until June 11, 2004, seven months after the accident. Moreover, while Lattuga set forth certain restricted ranges of motion, he failed to compare his findings to normal ranges of motion (*see Umar v Ohrnberger*, 46 AD3d 543 [2007]; *Sullivan v Dawes*, 28 AD3d 472 [2006]) or to state that any of the limitations noted were the result of injuries sustained in the subject accident (*see Itskovich v Lichenstadter*, 2 AD3d 406, 407 [2003]).

Further, although the respondent's magnetic resonance imaging reports showed bulging discs in the cervical and lumbar spine, and joint effusion in the left knee, there were no opinions contained therein as to causation nor objective evidence of the extent and duration of the alleged physical limitations resulting therefrom (*see Mejia v DeRose*, 35 AD3d 407, 407-408 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Bravo v Rehman*, 28 AD3d 694, 695 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d at 50; *Collins v Stone*, 8 AD3d 321, 322-323 [2004]). The respondent also failed to proffer competent medical evidence that she sustained a medically-determined injury of a nonpermanent nature which prevented her, for 90 of the 180 days following the subject accident, from performing her usual and customary activities (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]).

Based on the foregoing, we search the record pursuant to CPLR 3212 (b) and award the nonmoving defendant, Reynaldo Edmond, summary judgment dismissing the complaint insofar as asserted against him on the ground that the respondent did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430 [1996]; *Merritt Hill*

*Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111 [1984]; *Wilson v Buffa,* 294 AD2d 357, 358 [2002]). Spolzino, J.P., Skelos, Lifson and McCarthy, JJ., concur.