■ Frank Scotto, Appellant, v Ah Ram Suh, Respondent. [857 NYS2d 184]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated May 1, 2007, as granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant met his prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. The reports of Dr. Arovas and Dr. Camp were unsworn, and hence, without probative value (*see Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747, 748 [2007]). The proffered hospital records merely reflect neck strain, which does not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Washington v Cross,* 48 AD3d 457 [2008]). The affirmation and report of Dr. Khabie failed to proximately relate any particular findings to

the subject accident (*see Vishnevsky v Glassberg*, 29 AD3d 680, 681 [2006]; *Shepley v Helmerson*, 306 AD2d 267 [2003]). The reports of Dr. Mendoza, Dr. Scott Jones, Dr. Nicholas Jones, and Dr. Petrucci failed to demonstrate cervical spine or left shoulder range of motion limitations roughly contemporaneous with the subject accident (*see D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]; *Morales v Daves*, 43 AD3d 1118 [2007]; *Rodriguez v Cesar*, 40 AD3d 731, 733 [2007]). The MRI reports of Dr. Waxman and Dr. Diamond showing a disc herniation at C6-7 and a partial left shoulder rotator cuff tear fail to establish the extent of the alleged physical limitations resulting from the injury and their durations (*see Casas v Montero*, 48 AD3d 728 [2008]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Tobias v Chupenko*, 41 AD3d 583, 584 [2007]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.