■ EULALIO PERDOMO et al., Respondents, et al., Plaintiff, v ANTHONY M. SCOTT et al., Appellants. [857 NYS2d 211]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated April 17, 2007, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Eulalio Perdomo and Maribel Navarro on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants payable by the respondents, and those branches of the appellants' motion which were for summary judgment dismissing the complaint insofar as asserted by the respondents are granted.

The defendants met their prima facie burden of showing that neither the plaintiff Eulalio Perdomo nor the plaintiff Maribel Navarro sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, Perdomo and Navarro failed to raise a triable issue of fact.

Perdomo and Navarro relied upon medical reports from their treating chiropractor. However, those reports were not competent evidence because they were not in affidavit form (*see* CPLR 2106; *Coburn v Samuel*, 44 AD3d 698 [2007]; *Laguerre v Chavarria*, 41 AD3d 437 [2007]; *Kunz v Gleeson*, 9 AD3d 480, 481 [2004]). Moreover, those reports failed to show any range of motion limitations in Perdomo's spine or left shoulder, or in Navarro's spine, contemporaneous with the subject accident (*see D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]; *Morales v Daves*, 43 AD3d 1118 [2007]; *Rodriguez v Cesar*, 40 AD3d 731 [2007]; *Borgella v D & L Taxi Corp.*, 38 AD3d 701 [2007]).

Perdomo and Navarro also relied upon affirmed magnetic resonance imaging reports of Perdomo's lumbar spine and Navarro's cervical and lumbar spine. While the radiologists who authored those reports observed bulging discs, the mere existence of a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sharma v Diaz*, 48 AD3d 442 [2008]; *Mejia v DeRose*, 35 AD3d 407, 407-408 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Bravo v Rehman*, 28 AD3d 694, 695 [2006]).

Finally, Perdomo and Navarro failed to proffer competent medical evidence demonstrating that either of them sustained a medically-determined injury of a nonpermanent nature which

prevented them, for 90 of the 180 days following the subject accident, from performing their usual and customary activities (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535, 536 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur. [*See* 2007 NY Slip Op 30868(U).]