■ ANDRIY KURIN et al., Respondents, v OLEKSANDR B. ZYUZ, Defendant, and CHRISTINE DAMIANI et al., Appellants. [864 NYS2d 151]—

In an action to recover damages for personal injuries, the

defendants Christine Damiani and John Damiani appeal from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated March 30, 2007, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted, and upon searching the record, summary judgment is awarded to the defendant Oleksandr B. Zyuz dismissing the complaint insofar as asserted against him; and it is further,

Ordered that one bill of costs is awarded to the appellants.

Contrary to the Supreme Court's determination, the defendants Christine Damiani and John Damiani (hereinafter the appellants) established a prima facie case that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; see Mager v Cooney, 50 AD3d 648 [2008]). In particular, the plaintiffs' depositions revealed that none of them missed more than five days from work or school, and that they were not medically prevented from performing their usual and customary activities (see Insurance Law § 5102 [d]). The affirmed medical reports of the appellants' medical experts, who examined the plaintiffs, concluded they were not seriously injured as a result of the accident, and the reported injuries were the result of degenerative disorders.

In opposition, the plaintiffs failed to raise a triable issue of fact (see Morris v Edmond, 48 AD3d 432, 433 [2008]). The plaintiffs failed to submit a sworn or affirmed medical report from their treating physician finding injuries contemporaneous with the accident (see Grasso v Angerami, 79 NY2d 813 [1991]; Patterson v NY Alarm Response Corp., 45 AD3d 656 [2007]; Verette v Zia, 44 AD3d 747 [2007]). Their medical expert Dr. Mark Kostin physically examined each plaintiff on only one occasion nearly six years after the accident. While Dr. Kostin found significant limitations in the plaintiffs' range of motion, such findings were clearly not contemporaneous with the subject accident (see Morris v Edmond, 48 AD3d at 433; D'Onofrio v Floton, Inc., 45 AD3d 525 [2007]; Rodriguez v Cesar, 40 AD3d 731, 732 [2007]). Moreover, the plaintiffs failed to proffer competent medical evidence that any of them sustained a medically-determined injury of a nonpermanent nature which

prevented them, for 90 of the 180 days following the subject accident, from performing their usual and customary activities (*see Morales v Daves,* 43 AD3d 1118 [2007]; *Rodriguez v Cesar,* 40 AD3d at 733; *Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]).

Although the defendant Oleksandr B. Zyuz did not file a notice of appeal, we search the record pursuant to CPLR 3212 (b) (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 430 [1996]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106 [1984]), and award summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Morris v Edmond,* 48 AD3d at 433; *Wilson v Buffa,* 294 AD2d 357, 358 [2002]). Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.