■ George Johnson et al., Respondents, v County of Suffolk et al., Appellants, and On Time Auto Parts, LLC, et al., Respondents. (Appeal No. 1.) George Johnson et al., Respondents, v County of Suffolk et al., Appellants, and On Time Auto Parts, LLC, et al., Defendants. (Appeal No. 2.) [866 NYS2d 336]—

In an action to recover damages for personal injuries, etc., the defendants County of Suffolk and Miguel Vasquez appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated June 7, 2007, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs George Johnson and Richard Johnson sustained a serious injury within the meaning of Insurance Law § 5102 (d) and granted that branch of the cross motion of the defendants On Time Auto Parts, LLC, and Michael Toscano which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) an order of the same court dated November 19, 2007, as, upon reargument, adhered so much of to its original determination as denied their motion for summary judgment.

Ordered that the appeal from so much of the order dated June 7, 2007, as denied the appellants' motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs George Johnson and Richard Johnson sustained a serious injury within the meaning of Insurance Law § 5102 (d), is dismissed, as that order was superseded by the order

dated November 19, 2007, made upon reargument; and it is further,

Ordered that the order dated November 19, 2007, is reversed insofar as appealed from, on the law, upon reargument, so much of the order dated June 7, 2007, as denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs George Johnson and Richard Johnson sustained a serious injury within the meaning of Insurance Law § 5102 (d) is vacated, and the appellants' motion for summary judgment is granted; and it is further,

Ordered that the appeal from so much of the order dated June 7, 2007, as granted the cross motion of the defendants On Time Auto Parts, LLC, and Michael Toscano, is dismissed as academic in light of our determination of the appeal from the order dated November 19, 2007; and it is further,

Ordered that one bill of costs is awarded to the appellants, payable by the plaintiffs.

During a snowstorm on the afternoon of April 7, 2003, a bus owned by the defendant County of Suffolk and operated by the defendant Miguel Vasquez (hereinafter together the appellants) struck the rear portion of a station wagon owned by the defendant On Time Auto Parts, LLC, and operated by the defendant Michael Toscano, in the eastbound roadway of Montauk Highway, in the Town of Islip. As a result of that collision, the station wagon was propelled into the westbound roadway and into a vehicle operated by the plaintiff George Johnson (hereinafter George), in which his son, the plaintiff Richard Johnson (hereinafter Richard), was a passenger. The plaintiffs, including George's wife, who asserted a derivative claim, thereafter commenced this action and, inter alia, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither George nor Richard sustained a serious injury within the meaning of Insurance Law § 5102 (d).

The appellants established a prima facie case that neither George nor Richard sustained a serious injury within the meaning of Insurance Law § 5102 (d), through the affirmed reports of orthopedic surgeon Joseph L. Paul, who examined both of them approximately two months after the accident and found that range of motion was normal in various operations of George's cervical spine and Richard's lumbar spine (*see Toure v Avis Rent a Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Dr. Paul further concluded that neither George nor Richard had sustained a disability. "A defen-

dant who submits admissible proof that the plaintiff has a full range of motion, and that she or he suffers from no disabilities causally related to the motor vehicle accident, has established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), despite the existence of an MRI which shows herniated or bulging discs" (*Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). The medical evidence which the plaintiffs submitted in opposition failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Notably, the restrictions of motion found by George and Richard's treating chiropractor, Dennis J. DaSilva, were not based on a recent examination (*see Amato v Fast Repair Inc.*, 42 AD3d 477, 478 [2007]). Indeed, Dr. DaSilva indicated that his treatment of George and Richard terminated approximately 75 days after the accident and that he did not subsequently examine either of them.

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.