■ Mary Dantini, Appellant, v Myles Cuffie et al., Respondents. [873 NYS2d 189]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated March 14, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Once the defendants made their prima facie showing that the

plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]), the burden shifted to the plaintiff to produce sufficient evidence to raise a triable issue of fact (*see* CPLR 3212). The plaintiff failed to meet this burden. The plaintiff failed to adequately explain the nearly three-year gap in medical treatments (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *Cervino v Gladysz-Steliga,* 36 AD3d 744 [2007]). Moreover, the plaintiff's subjective complaints of pain were insufficient to establish the existence of a serious injury (*see Rudas v Petschauer,* 10 AD3d 357 [2004]; *Coloquhoun v 5 Towns Ambulette,* 280 AD2d 512 [2001]; *LeBrun v Joyner,* 195 AD2d 502 [1993]), particularly where, as here, there were no objective medical findings to substantiate those complaints (*see Carroll v Jennings,* 264 AD2d 494 [1999]). Furthermore, the plaintiff failed to proffer competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *DiNunzio v County of Suffolk,* 256 AD2d 498 [1998]). Mastro, J.P., Fisher, Florio, Carni and Eng, JJ., concur.