■ CHANNIE BYRD, Respondent, v J.R.R. LIMO et al., Appellants. [878 NYS2d 95]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated September 28, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants made a prima facie showing of entitlement to judgment as a matter of law through the submission of the plaintiff's deposition testimony, and the affirmations of their examining physicians stating that, based upon their examinations of the plaintiff, the plaintiff did not have any permanent injury, limitation, or restriction (*see Luckey v Bauch,* 17 AD3d 411 [2005]; *Sims v Megaris,* 15 AD3d 468 [2005]; *Check v Gacevk,* 14 AD3d 586 [2005]; *Paul v Trerotola,* 11 AD3d 441 [2004]; *Mastaccioula v Sciarra,* 11 AD3d 434 [2004]). The plaintiff's submissions in opposition failed to raise a triable issue of fact. The affirmation of the plaintiff's treating physician was not based upon a recent examination of the plaintiff, as he only examined the plaintiff within the first $2^{1}/_{2}$ months after the accident and more than two years before the defendants moved for summary judgment (*see Batista v Olivo,* 17 AD3d 494 [2005]; *Mohamed v Dhanasar,* 273 AD2d 451 [2000]; *Kauderer v Penta,* 261 AD2d 365 [1999]). Moreover, while the plaintiff's orthopedic surgeon performed arthroscopic surgery on the plaintiff's right shoulder one year after the accident, the mere existence of a tear in the shoulder is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and their duration (*see Shtesl v Kokoros,* 56 AD3d 544 [2008]; *Choi Ping Wong v Innocent,* 54 AD3d 384 [2008]; *Cornelius v Cintas Corp.,* 50 AD3d 1085 [2008]). Here, the plaintiff's treating physician noted that the plaintiff had a full range of motion in her right shoulder in all directions within weeks after the accident, and the plaintiff's orthopedic surgeon noted that she had a full range of motion in her right shoulder within six months after the surgery. Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur. [*See* 21 Misc 3d 1109(A), 2008 NY Slip Op 52023(U).]