■ BRADLEY A. BERSON, Respondent, v ROSADA CAB CORP. et al., Appellants. [878 NYS2d 189]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated October 12, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that they were not at fault in the happening of the accident and their separate motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted, and the defendants' motion for summary judgment dismissing the complaint on the ground that they were not at fault in the happening of the accident is denied as academic.

This action arose from a two-car accident which occurred in Manhattan at the intersection of West 57th Street and 11th Avenue. The plaintiff commenced this action alleging that, as a result of the accident, he sustained serious injuries within the

meaning of Insurance Law § 5102 (d). The defendants moved for summary judgment dismissing the complaint on the ground that they were not at fault in the happening of the accident and separately moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury. In the order appealed from, the Supreme Court denied the motions, and we reverse the order.

The defendants established their prima facie entitlement to judgment as a matter of law by submitting the affirmed report of their orthopedist, who examined the plaintiff and concluded that he had a normal orthopedic examination (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 352 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 51-52 [2005]; *Lowell v Peters,* 3 AD3d 778, 779 [2004]). At his deposition, the plaintiff testified that, as a result of the subject motor vehicle accident, he missed only two or three days from his job as a computer designer. The plaintiff's alleged injuries did not prevent him from performing substantially all of the material acts constituting his usual and customary daily activities during at least 90 out of the first 180 days following the accident (*see Geliga v Karibian, Inc.,* 56 AD3d 518, 519 [2008]; *Sanchez v Williamsburg Volunteer of Hatzolah, Inc.,* 48 AD3d 664, 665 [2008]; *Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact as to serious injury (*see* CPLR 3212 [b]; *Hagan v Thompson,* 234 AD2d 420 [1996]). Although the plaintiff's medical expert indicated in his affirmation that he examined the plaintiff contemporaneously with the motor vehicle accident, he failed to properly set forth his findings of restricted motion in the plaintiff's cervical spine and compare the findings to the plaintiff's normal range of motion (*see Morris v Edmond,* 48 AD3d 432, 433 [2008]; *Umar v Ohrnberger,* 46 AD3d 543 [2007]; *Sullivan v Dawes,* 28 AD3d 472 [2006]). Accordingly, the defendants are entitled to summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur.