■ TERESA CONDER, Respondent, v CITY OF NEW YORK et al., Defendants, and GIRALDO RUBELIO, Appellant. [879 NYS2d 169]—

In an action to recover damages for personal injuries, the defendant Giraldo Rubelio appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated September 22, 2008, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him is granted.

Contrary to the determination of the Supreme Court, the appellant established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The appellant met his burden by submitting, inter alia, the affirmed report of a board-certified orthopedic surgeon who conducted an independent medical examination of the plaintiff, during which he performed various range of motion and other objective tests (*see Charley v Goss,* 54 AD3d 569 [2008], *affd* 12 NY3d 750 [2009]; *Johnson v County of Suffolk,* 55 AD3d 875 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not proffer any objective medical evidence showing range-of-motion limitations in her spine or knees, or any other area, that were contemporaneous with the subject accident (*see Collado v Satellite Solutions & Electronics of WNY, LLC,* 56 AD3d 411 [2008]; *Kurin v Zyuz,* 54 AD3d 902 [2008]; *Perdomo v Scott,* 50 AD3d 1115 [2008]; *Scotto v Suh,* 50 AD3d 1012 [2008]). Moreover, in the absence of any objective medical

evidence contemporaneous with the plaintiff's accident, there was no competent medical evidence to establish that she sustained any medically determined injuries of a nonpermanent nature which prevented her from performing substantially all of her usual and customary daily activities for not less than 90 of the first 180 days following the accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]).

Accordingly, the appellant's motion for summary judgment should have been granted. Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.