WALLEY RICHARDS et al., Respondents, v LEROY TYSON, Appellant. [883 NYS2d 575]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated March 5, 2008, which denied his

motion for summary judgment dismissing the complaint on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The plaintiffs commenced this action to recover damages for injuries they each allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

The defendant established, prima facie, through the affirmed reports of his expert neurologist and expert orthopedist and the plaintiffs' deposition testimony, that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Sanchez v Williamsburg Volunteer of Hatzolah, Inc.,* 48 AD3d 664 [2008]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 47-50 [2005]). The plaintiffs' respective deposition testimony that they missed little, if any, time from school or work as a result of the subject motor vehicle accident, established that their alleged injuries did not prevent them from performing substantially all of the material acts constituting their customary daily activities during at least 90 of the first 180 days following the accident (*see Sanchez v Williamsburg Volunteer of Hatzolah, Inc.,* 48 AD3d at 664, 665).

In opposition, none of the plaintiffs raised a triable issue of fact as to whether they sustained a serious injury (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Lea v Cucuzza,* 43 AD3d 882 [2007]). The affirmed medical reports prepared by Dr. Roger Brick were not admissible to oppose the defendant's motion, as he was no longer licensed to practice medicine in the state at the time the reports were written (*see* CPLR 2106; *Fung v Uddin,* 60 AD3d 992 [2009]; *McDermott v New York Hosp.-Cornell Med. Ctr.,* 42 AD3d 346 [2007]). Moreover, while the affirmed medical reports of Dr. Douglas Schwartz, which were also submitted in opposition to the motion, found significant limitations in each of the plaintiffs' respective ranges of motion, such findings were not contemporaneous with the subject accident (*see Kurin v Zyuz,* 54 AD3d 902, 903 [2008]; *Morris v Edmond,* 48 AD3d 432, 433 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Eng, Belen and Hall, JJ., concur.