■ THELMA HOUSE, Appellant, v MTA BUS COMPANY, Respondent. [895 NYS2d 743]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), entered February 23, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant established, prima facie, through the affirmed

reports of its medical experts, the plaintiff's own medical records, and the plaintiff's deposition testimony, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Richards v Tyson*, 64 AD3d 760 [2009]; *Berson v Rosada Cab Corp.*, 62 AD3d 636 [2009]; *Byrd v J.R.R. Limo*, 61 AD3d 801 [2009]). In opposition, the plaintiff failed to submit any objective medical evidence sufficient to raise a triable issue of fact (*see LaMarre v Michelle Taxi, Inc.*, 60 AD3d 911 [2009]; *Fiorillo v Arriaza*, 52 AD3d 465 [2008]; *Piperis v Wan*, 49 AD3d 840 [2008]; *Young Hwan Park v Orellana*, 49 AD3d 721 [2008]). In the absence of such evidence, the plaintiff's subjective complaints of pain were insufficient to establish a serious injury (*see Dantini v Cuffie*, 59 AD3d 490 [2009]; *Villeda v Cassas*, 56 AD3d 762 [2008]; *Ranzie v Abdul-Massih*, 28 AD3d 447 [2006]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.