■ DIANE EUVINO, Appellant, v JOSEPH RAUCHBAUER et al., Respondents. [897 NYS2d 196]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered May 28, 2009, as granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action to recover damages for personal injuries on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants established, prima facie, through the affirmed reports of their expert neurologist and orthopedist, as well as the plaintiff's deposition testimony, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Richards v Tyson*, 64 AD3d 760, 761 [2009]; *Berson v Rosada Cab Corp.*, 62 AD3d 636, 637 [2009]; *Byrd v J.R.R. Limo*, 61 AD3d 801, 802 [2009]). In opposition, the plaintiff's submissions were insufficient to raise a triable issue of fact as to whether she sustained a serious injury.

The plaintiff submitted affirmations from four physicians, none of whom saw the plaintiff during the first year after the accident. The plaintiff did not provide any affirmations from any of the physicians who had treated her in the months immediately following the accident, nor did she submit any medical records from that time period, although they were available from her initial treating physician's office after he died and physicians from his practice continued to treat her. She therefore failed to set forth any evidence that she suffered from any injuries contemporaneous with the accident (*see Collado v Satellite Solutions & Electronics of WNY, LLC*, 56 AD3d 411 [2008]; *Kurin v Zyuz*, 54 AD3d 902, 903 [2008]; *Perdomo v Scott*, 50 AD3d 1115, 1116 [2008]; *Scotto v Suh*, 50 AD3d 1012, 1013 [2008]; *Morris v Edmond*, 48 AD3d 432, 433 [2008]). In addition, none of the physicians indicated that they had reviewed the medical records from an accident that had occurred just a month before the instant accident and in which the plaintiff

had injured her back and left arm (see *Cantave v Gelle*, 60 AD3d 988, 989 [2009]; *Gentilella v Board of Educ. of Wantagh Union Free School Dist.*, 60 AD3d 629, 630 [2009]; *Silla v Mohammad*, 52 Ad3d 681, 682 [2008]). Accordingly, the defendants were entitled to summary judgment dismissing the first cause of action to recover damages for personal injuries. Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.