■ Kevin Kublo, Appellant, v Stanislaw Rzadkowski et al., Respondents. [899 NYS2d 250]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered April 24, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants established, prima facie, through the affirmed reports of their expert orthopedist and radiologist, as well as the plaintiff's deposition testimony, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Richards v Tyson*, 64 AD3d 760

[2009]; *Berson v Rosada Cab Corp.*, 62 AD3d 636 [2009]; *Byrd v J.R.R. Limo*, 61 AD3d 801 [2009]). The plaintiff's submissions in opposition to the defendant's motion were insufficient to raise a triable issue of fact. In this case, the plaintiff submitted the affidavit of a chiropractor, who indicated that he first examined the plaintiff on April 30, 2004, nearly eight months after the accident. The plaintiff did not provide affirmations from any of the physicians who had treated him in the months immediately following the accident, nor did he submit any medical records from that time period. Therefore, he failed to set forth any evidence that he suffered from any limitations contemporaneous with the accident (*see Collado v Satellite Solutions & Electronics of WNY, LLC*, 56 AD3d 411 [2008]; *Kurin v Zyuz*, 54 AD3d 902 [2008]; *Perdomo v Scott*, 50 AD3d 1115 [2008]; *Scotto v Suh*, 50 AD3d 1012 [2008]; *Morris v Edmond*, 48 AD3d 432 [2008]). In addition, neither the plaintiff's chiropractor nor his radiologist addressed the findings of the defendants' examining radiologist, which attributed the condition of the plaintiff's lumbar spine to degenerative processes (*see Ciordia v Luchian*, 54 AD3d 708 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Khan v Finchler*, 33 AD3d 966 [2006]). Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Mastro, J.P., Fisher, Santucci, Angiolillo and Lott, JJ., concur.