■ ROSHINNE SHAM, Respondent, v B&P CHIMNEY CLEANING AND REPAIR CO., INC., et al., Defendants, and HARRY L. SCUTT et al., Appellants. [900 NYS2d 72]—

In an action to recover damages for personal injuries, the defendants Harry L. Scutt and Orange Transportation Services appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered July 21, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the

ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted.

The appellants established, prima facie, through the affirmed report of their expert neurologist and the plaintiff's deposition testimony, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Richards v Tyson, 64 AD3d 760 [2009]; Berson v Rosada Cab Corp., 62 AD3d 636 [2009]; Byrd v J.R.R. Limo, 61 AD3d 801 [2009]). In opposition, the plaintiff's submissions were insufficient to raise a triable issue of fact. While the plaintiff's treating physician reported that he had treated the plaintiff from August 8, 2007, about one month after the accident, until February 8, 2008, and had most recently examined her on March 17, 2009, he only recorded the results of the objective testing he performed at the initial visit on August 8, 2007. Any subjective complaints of pain and limitation of motion must be substantiated by verified objective medical findings (see Dantini v Cuffie, 59 AD3d 490 [2009]; Villeda v Cassas, 56 AD3d 762 [2008]), based on a recent examination of the plaintiff (see Johnson v Berger, 56 AD3d 725 [2008]; D'Alba v Yong-Ae Choi, 33 AD3d 650 [2006]; Oliva v Gross, 29 AD3d 551 [2006]). Similarly, any projections of permanence have no probative value in the absence of a recent examination (see Cornelius v Cintas Corp., 50 AD3d 1085 [2008]). Furthermore, the plaintiff also failed to produce objective medical evidence to substantiate the existence of an injury which limited her usual and customary daily activities for at least 90 of the first 180 days following the accident (see Laguerre v Chavarria, 41 AD3d 437 [2007]; McConnell v Ouedraogo, 24 AD3d 423 [2005]; Davis v New York City Tr. Auth., 294 AD2d 531 [2002]). Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.