■ SUZANNE CATALANO, Appellant, v MADELINE KOPMANN, Respondent. [900 NYS2d 759]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered April 9, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met her prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The submissions of Bonnie Corey, one of the plaintiff's treating chiropractors, failed to raise a triable issue of fact. Dr. Corey failed to express any opinion as to whether any injuries or limitations she noted were caused by the subject accident (*see Shaji*

*v City of New Rochelle*, 66 AD3d 760 [2009]; *Morris v Edmond*, 48 AD3d 432 [2008]; *Itskovich v Lichenstadter*, 2 AD3d 406, 407 [2003]).

The submissions of Jeffrey Rosenberg, another chiropractor for the plaintiff, also failed to raise a triable issue of fact. Those submissions set forth no findings based on objective testing of the plaintiff. At most, those submissions noted the plaintiff's subjective complaints of pain (*see Sham v B&P Chimney Cleaning & Repair Co., Inc.*, 71 AD3d 978 [2010]; *Ambos v New York City Tr. Auth.*, 71 AD3d 801 [2010]; *House v MTA Bus Co.*, 71 AD3d 732 [2010]).

The submissions of Roman Sorin, the plaintiff's treating physician, also failed to raise a triable issue of fact. Although Dr. Sorin examined the plaintiff seven months after the accident and noted during the examination significant limitations in the range of motion in the cervical and lumbar regions of the plaintiff's spine, and examined the plaintiff again in 2008 noting significant limitations in the cervical region of the plaintiff's spine only, neither he nor the plaintiff proffered competent medical evidence that revealed the existence of significant limitations in either region of the plaintiff's spine that were contemporaneous with the subject accident (*see Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). Thus, the plaintiff did not raise a triable issue of fact as to whether she sustained a serious injury under the permanent loss, permanent consequential limitation of use, or significant limitation of use categories of Insurance Law § 5102 (d) (*see Jack v Acapulco Car Serv., Inc.*, 72 AD3d 646 [2010]; *Bleszcz v Hiscock*, 69 AD3d at 891; *Taylor v Flaherty*, 65 AD3d at 1328-1329; *Ferraro v Ridge Car Serv.*, 49 AD3d at 498).

The evidence submitted by the plaintiff, which revealed the existence of herniated discs at C3-4 and C5-6, and a bulging disc at L4-5, on its own, did not raise a triable issue of fact. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Keith v Duval*, 71 AD3d 1093 [2010]; *Casimir v Bailey*, 70 AD3d 994 [2010]; *Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d 712 [2009]; *Pompey v Carney*, 59 AD3d 416 [2009]). The plaintiff's affidavit was insufficient to meet this requirement (*see Luizzi-Schwenk v Singh*, 58 AD3d 811, 812 [2009]).

The plaintiff failed to submit competent medical evidence that the injuries she allegedly sustained as a result of the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days thereafter (*see Haber v Ullah*, 69 AD3d 796, 797 [2010]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). The plaintiff's own deposition testimony established that she missed, at most, two to three days of work as a result of the subject accident. Rivera, J.P., Florio, Dickerson, Chambers and Lott, JJ., concur.