■ GREGG A. MANCINI, Respondent, v LALI NY, INC., et al., Appellants. [909 NYS2d 141]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Galasso, J.), dated April 12, 2010, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On August 1, 2006, the plaintiff was operating his vehicle when it collided with a vehicle owned by the defendant Lali NY, Inc., and operated by the defendant Yechiel Zeiri. As a result of the subject accident, the plaintiff commenced this action to recover damages for his personal injuries, including an alleged disc herniation in the cervical region of his spine and a left shoulder rotator cuff impingement.

Following the completion of discovery, the defendants moved

for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court denied the motion. We reverse.

In opposition to the defendants' prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Clark v Perry*, 21 AD3d 1373, 1374 [2005]), the plaintiff failed to raise a triable issue of fact. Although the plaintiff provided competent medical evidence of his current disc herniation and range-of-motion limitations, he failed to provide an evaluation of his treating physician, Dr. Brian Goldberg, identifying, inter alia, the objective tests utilized during an examination performed in August 2006, which was contemporaneous with the accident, and "compar[ing] the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*Toure v Avis Rent A Car Sys.*, 98 NY2d at 350; *see Euvino v Rauchbauer*, 71 AD3d 820 [2010]; *Perdomo v Scott*, 50 AD3d 1115, 1116 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]). The medical findings made by Dr. Jean Futoran four months after the accident, in December 2006, could not overcome the deficiencies in Dr. Goldberg's August 2006 evaluation (*see Perl v Meher*, 74 AD3d 930, 932 [2010]; *see also Resek v Morreale*, 74 AD3d 1043 [2010]; *Kublo v Rzadkowski*, 71 AD3d 831 [2010]; *Collado v Satellite Solutions & Electronics of WNY, LLC*, 56 AD3d 411 [2008]). Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.