■ LEONARDO ROJAS et al., Appellants, v UNITED LOGISTIC, INC., et al., Respondents. [960 NYS2d 470]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated June 13, 2012, which granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Leonardo Rojas on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the appeal by the plaintiffs Noel Diaz and Gabriela Calixto is dismissed, as those plaintiffs are not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed on the appeal by the plaintiff Leonardo Rojas; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The defendants met their prima facie burden of showing that the plaintiff Leonardo Rojas did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of Rojas's spine and to his left knee did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Richards v Tyson*, 64 AD3d 760, 761 [2009]; *cf. Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, Rojas failed to raise a triable issue of fact. Thus, the Supreme Court properly

granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by Rojas on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.