■ AMY VISLOCKY, Appellant, v ZUPIS TAXI, INC., et al., Respondents. [961 NYS2d 591]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated April 24, 2012, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's left knee did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Brackeche v Gladiator Trucking Corp.*, 104 AD3d 633 [2013]; *Rojas v United Logistic, Inc.*, 104 AD3d 667 [2013]; *Staff v Yshua*, 59 AD3d 614 [2009]).

The plaintiff failed to raise a triable issue of fact in opposition. Thus, the Supreme Court properly granted the defendants'

motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.