TAKILA OKU, Appellant, v MTA BUS COMPANY, Respondent, et al., Defendant. [955 NYS2d 370]—

The defendant MTA Bus Company (hereinafter the MTA) met its prima facie burden of showing that the plaintiff did not

sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The MTA submitted competent medical evidence establishing, prima facie, that the plaintiff's injuries were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]), and that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Richards v Tyson*, 64 AD3d 760, 761 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the MTA's motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.