■ MONICA ALFONSO, Respondent, et al., Plaintiff, v KAREN KENNEY, Appellant. [966 NYS2d 886]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 19, 2012, as denied that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Monica Alfonso on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Monica Alfonso is granted.

The defendant met her prima facie burden of showing that the plaintiff Monica Alfonso did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to Alfonso's left knee was not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d

786, 787 [2011]), and that the alleged injuries to Alfonso's left knee and to the cervical and lumbar regions of her spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), as well as evidence establishing, prima facie, that Alfonso did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Richards v Tyson*, 64 AD3d 760, 761 [2009]). Alfonso failed to raise a triable issue of fact in opposition.

Therefore, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by Alfonso. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.