In an action to recover damages for personal injuries, the defendants Aziz Ahmad and Mohammed Zioual appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated June 15, 2012, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Aziz Ahmad and Mohammed Zioual for summary judgment dismissing the complaint insofar as asserted against them is granted.
The appellants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning *921 of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The appellants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiffs spine were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787 [2011]), and that the alleged injuries to the cervical, lumbar, and thoracic regions of her spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). Moreover, the appellants submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Richards v Tyson, 64 AD3d 760, 761 [2009]). The plaintiff failed to raise a triable issue of fact in opposition.
Therefore, the Supreme Court should have granted the appellants’ motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.