In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated September 5, 2012, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiffs right shoulder, left shoulder, and right elbow, and to the cervical and lumbar regions of her spine, did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). The defendants also submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law *612 § 5102 (d) (see Richards v Tyson, 64 AD3d 760, 761 [2009]). The plaintiff failed to raise a triable issue of fact in opposition.
Therefore, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.