■ HECTOR COTTO, Respondent, v ROSEMARY SCOTT, Appellant. [986 NYS2d 183]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated

November 7, 2013, as, upon granting her motion for leave to renew her prior motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), adhered to its original determination in an order dated May 30, 2013, denying her motion.

Ordered that the order dated November 7, 2013, is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the order dated May 30, 2013, is vacated, and the defendant's motion for summary judgment dismissing the complaint is granted.

Upon renewal, the defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine and to the plaintiff's left hand and wrist did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see *Staff v Yshua*, 59 AD3d 614 [2009]), and, in any event, that the alleged injuries to the cervical region of the plaintiff's spine and to the plaintiff's left wrist were not caused by the subject accident (see *Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The defendant also submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see *Richards v Tyson*, 64 AD3d 760, 761 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, upon renewal, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Chambers, Hinds-Radix and Maltese, JJ., concur.