In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Strauss, J.), entered March 25, 2013, which granted the defendant’s motion for summary judgment dismissing the complaint on the ground that the plaintiff Mohammed Hoque did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is affirmed, with costs.
The defendant met his prima facie burden of showing that the plaintiff Mohammed Hoque did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of Hoque’s spine, to both of his knees, and to his right shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). The defendant further submitted evidence establishing, prima facie, that Hoque did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Richards v Tyson, 64 AD3d 760, 761 [2009]).
*803 The plaintiffs failed to raise a triable issue of fact in opposition. Therefore, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint.
Mastro, J.E, Hall, Lott, Austin and Duffy, JJ., concur.