■ Luis Marin, Appellant, v Nicola Ieni et al., Respondents. [969 NYS2d 165]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated August 24, 2012, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a

serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the plaintiff did not sustain any serious injuries to his shoulders or to the cervical or lumbar regions of his spine (*see Fudol v Sullivan*, 38 AD3d 593, 594 [2007]). The defendants also submitted competent medical evidence establishing, prima facie, that any injuries to the cervical or lumbar regions of the plaintiff's spine were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]). Finally, the defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) by submitting the plaintiff's deposition testimony, which demonstrated that he missed only one week of work and returned to his usual duties four weeks after the accident (*see Amato v Fast Repair Inc.*, 42 AD3d 477 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly granted. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.