■ SHIVONNE MARROW, Appellant, v DAMARIS TORRES, Respondent. [33 NYS3d 416]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated November 19, 2014, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious

injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine, as well as to the plaintiff's left shoulder, did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In addition, the defendant demonstrated, prima facie, that during the 180-day period immediately following the subject accident, the plaintiff did not have an injury or impairment which, for more than 90 days, prevented her from performing substantially all of the acts that constituted her usual and customary daily activities (*see John v Linden*, 124 AD3d 598, 599 [2015]; *Marin v Ieni*, 108 AD3d 656, 657 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.