Wilson v Somelofski (2018 NY Slip Op 04595)





Wilson v Somelofski


2018 NY Slip Op 04595


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-03688
 (Index No. 605047/15)

[*1]Alyia Wilson, etc., et al., appellants, 
v
Loni A. Somelofski, et al., respondents.


Kujawski & Kujawski, Deer Park, NY (Jennifer A. Spellman of counsel), for appellants.
Martyn, Toher, Martyn & Rossi (Bello & Larkin, Hauppauge, NY [Erica L. Ingebretsen], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated March 8, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
This action arises from a motor vehicle accident that occurred on February 1, 2014, at or near the intersection of Station Road and Sunrise Highway in Brookhaven. The plaintiffs commenced this action to recover damages for, inter alia, personal injuries that the plaintiff Alyia Wilson (hereinafter the injured plaintiff) allegedly sustained as a result of the subject accident. The defendants moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendants' motion. The plaintiffs appeal.
The defendants met their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the injured plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In addition, the defendants demonstrated, prima facie, that the injured plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761).
In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., AUSTIN, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court