Duciau v Levano (2019 NY Slip Op 08172)





Duciau v Levano


2019 NY Slip Op 08172


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-08915
 (Index No. 9609/15)

[*1]Jean Duciau, appellant, 
v
Joseph J. Levano, et al., respondents, et al., defendants.


Mahon Mahon Kerins & O'Brien, LLC, Garden City South, NY (Joseph A. Hyland of counsel), for appellant.
Sette & Apoznanski (Russo & Tambasco, Melville, NY [Susan J. Mitola and Melissa Marano], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered July 18, 2017. The order, insofar as appealed from, granted the motion of the defendants Joseph J. Levano and Lorraine R. Levano for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied that branch of the motion of the plaintiff which was for summary judgment on the issue of liability insofar as asserted against the defendants Joseph J. Levano and Lorraine R. Levano.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of a three-vehicle accident. The defendants Joseph J. Levano and Lorraine R. Levano (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. By order entered July 18, 2017, the Supreme Court, inter alia, granted the defendants' motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345, 352; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the plaintiff's alleged injuries did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Zavala v Zizzo, 172 AD3d 793, 794). In addition, the defendants established, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v [*2]Tyson, 64 AD3d 760, 761). The defendants further established, prima facie, that the plaintiff's alleged injuries were not caused by the accident (see MacInness v Chao Wang, 170 AD3d 1155). In opposition, the plaintiff failed to raise a triable issue of fact (see John v Linden, 124 AD3d at 599; Irizarry v Lindor, 110 AD3d 846, 848).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
In light of our determination, we do not reach the plaintiff's remaining contention concerning the issue of the defendants' liability.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court