Narvaez-Reyes v Palomino (2020 NY Slip Op 04397)





Narvaez-Reyes v Palomino


2020 NY Slip Op 04397


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-06280
 (Index No. 618419/16)

[*1]Andres Narvaez-Reyes, appellant, 
v
Jorge Juan Palomino III, et al., respondents.


Cannon & Acosta, LLP, Huntington Station NY (June Redeker of counsel), for appellant.
John J. Bello, Jr., Hauppauge, NY (John C. Meszaros of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated April 11, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on May 23, 2016. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine, as well as the plaintiff's right knee and left hip, did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In addition, the defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761). In opposition, the plaintiff failed to raise a triable issue of fact (see Grasso v Angerami, 79 NY2d 813, 814-815; Radoncic v Faulk, 170 AD3d 1058, 1060; Skuret v Yoyo Cab Corp., 169 AD3d 849, 850).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court