A.H. v Munson (2020 NY Slip Op 07172)





A.H. v Munson


2020 NY Slip Op 07172


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-11383
 (Index No. 602379/14)

[*1]A. H., etc., et al., appellants, 
v
Mary E. Munson, respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellants.
Karen Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered July 20, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The infant plaintiff, by his mother and natural guardian, and his mother suing derivatively, commenced this action to recover damages for personal injuries that the infant plaintiff allegedly sustained when he was struck by a vehicle operated by the defendant. The defendant moved for summary judgment dismissing the complaint on the ground that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiffs appeal.
The defendant met her prima facie burden of showing that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant demonstrated, prima facie, that the infant plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Romero v Austin, 162 AD3d 920, 921; John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court