Kirfeld v Dugan (2023 NY Slip Op 00312)

Kirfeld v Dugan

2023 NY Slip Op 00312

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-03460
 (Index No. 700379/16)

[*1]Leonid Kirfeld, et al., appellants, 
v
Okan Dugan, defendant, Neil A. McKoy, et al., respondents. 

Max D. Leifer, P.C., New York, NY, for appellants.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent Neil A. McKoy.
Ferro & Stenz (James G. Bilello, Hicksville, NY [Melissa A. Marano], of counsel), for respondents Reynold Joseph and Cliff Joseph.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered April 28, 2020. The order, insofar as appealed from, granted (1) that branch of the motion of the defendants Reynold Joseph and Cliff Joseph which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Leonid Kirfeld did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and (2) that branch of the cross-motion of the defendant Neil A. McKoy which was for summary judgment dismissing the complaint insofar as asserted against him on the same ground.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and that branch of the motion of the defendants Reynold Joseph and Cliff Joseph which was for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the cross-motion of the defendant Neil A. McKoy which was for summary judgment dismissing the complaint insofar as asserted against him are denied.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Leonid Kirfeld (hereinafter the injured plaintiff) in a motor vehicle accident that occurred on January 20, 2015. The defendants Reynold Joseph and Cliff Joseph (hereinafter together the Joseph defendants) moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The defendant Neil A. McKoy cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him on the same ground. In an order entered April 28, 2020, the Supreme Court, among other things, granted that branch of the Joseph defendants' motion and that branch of McKoy's cross-motion. The plaintiffs appeal.
The Joseph defendants and McKoy failed to meet their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § [*2]5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by those defendants failed to eliminate triable issues of fact regarding the injured plaintiff's claim that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Marin v Ieni, 108 AD3d 656, 657).
Since the Joseph defendants and McKoy failed to meet their prima facie burden, it is unnecessary to determine whether the submissions by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied that branch of the Joseph defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them and that branch of McKoy's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against him.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court