Malik v Turcios (2023 NY Slip Op 00856)

Malik v Turcios

2023 NY Slip Op 00856

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-03909
 (Index No. 603039/18)

[*1]Farzana A. Malik, appellant, 
v
Kevin Josue Turcios, et al., respondents.

Stephan Persoff, Carle Place, NY, for appellant.
Jennifer S. Adams, Yonkers, NY (Justin M. Delaire of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), dated April 30, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred on July 24, 2017. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's shoulder did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). Furthermore, the defendants' medical evidence also established, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (see Wettstein v Tucker, 178 AD3d 1121, 1122; Santiago v Riccelli Enters., Inc., 173 AD3d 1237, 1238; see also Perl v Meher, 18 NY3d 208, 218-219). The defendants also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Wettstein v Tucker, 178 AD3d at 1121; John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657). In opposition, the plaintiff failed to raise a triable issue of fact (see Wettstein v Tucker, 178 AD3d at 1121).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion for [*2]summary judgment dismissing the complaint.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court