N.B. v Jameson (2023 NY Slip Op 03326)

N.B. v Jameson

2023 NY Slip Op 03326

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-00702
 (Index No. 700306/18)

[*1]N.B., etc., et al., respondents,
v
MacKenzie L. Jameson, et al., appellants.

Karen Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (Alexander Berger of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated January 12, 2021. The order, insofar as appealed from, in effect, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging that the plaintiff N. B. sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging that the plaintiff N. B. sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is granted.
The plaintiff N. B., by his mother and natural guardian, and his mother suing individually, commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident. The defendants moved, inter alia, for summary judgment dismissing the cause of action alleging that N. B. sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated January 12, 2021, the Supreme Court, among other things, in effect, denied that branch of the defendants' motion on the ground that the defendants failed to eliminate triable issues of fact as to whether N. B. sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d). The defendants appeal.
The defendants met their prima facie burden of showing that N. B. did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). With respect to the 90/180-day category, the defendants established that N. B. was not prevented from performing substantially all of his usual and customary activities during the relevant time with evidence that he missed only 2 days of school during the first 180 days following the accident, and was able to resume all of his normal activities within 6 weeks of the subject accident (see A. H. v Munson, 189 AD3d 794, 794; Romero v Austin, 162 AD3d 920, 921; Ayala v Douglas, 57 AD3d 266). In opposition, the plaintiffs failed to raise a triable issue of fact (see Adolphus v Marchiony, 208 AD3d 1292; Mnatcakanova v Elliot, 174 AD3d 798, 800).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging that N. B. sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court